**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                                              **4:12-CR-00156-01-JM**

**CARLOS DEJUAN ISBY**

**ORDER**

For the reasons set out below, Defendant's Motion for Compassionate Release (Doc. No. 107) is DENIED.

**I.     BACKGROUND**

On March 15, 2013, Defendant pled guilty to one count of conspiracy to distribute methamphetamine.[1] On September 19, 2013, he was sentenced to 190 months in prison.[2]

**II.    DISCUSSION**

Although the First Step Act made the procedural hurdles for compassionate release a bit less strenuous, a defendant still must establish "extraordinary and compelling reasons" and that release would not be contrary to the 18 U.S.C. § 3553(a) factors.[3]

Before a Defendant may seek compassionate release under the First Step Act, he must first make the request with the Bureau of Prisons and exhaust his administrative remedies there.[4]

---

[1] Doc. Nos. 40, 41.

[2] Doc. Nos. 68, 69.

[3] 18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with appropriate rehabilitation.

[4] See *United States v. Smith*, Case No. 4:95-CR-00019-LPR-4, Doc. No. 440 (E.D. Ark. May 14, 2020) (no jurisdiction when defendant fails to exhaust administrative remedies).

Defendant has provided a copy of his request to the warden for compassionate release and the warden's denial of the request. However, based on the record, it does not appear that Defendant appealed the denial, so he has not exhausted his administrative remedies.

Even if this Court had jurisdiction, compassionate release is not warranted. Defendant seeks compassionate release based on his "susceptibility to the novel coronavirus." Although Defendant does not specify why he is more susceptible than any other inmate, he attached an article about high blood pressure. First, high blood pressure is not "extraordinary and compelling" reason warranting release. Although the First Step Act did not define this phrase, it defers to the United States Sentencing Guidelines, which does set out examples.[5] High blood pressure is not listed. Defendant's health problem is common, so there is nothing extraordinary and compelling about it.[6] Furthermore, Defendant has provided no argument or evidence that his high blood pressure is not controlled with medication. Second, "fear of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or

---

[5]Of course, this list predates the COVID-19 outbreak. U.S.S.G § 1B1.13 cmt. n. 1. The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."

[6]*United States v. Mitchell*, No. 5:10-CR-50067-001, 2020 WL 544703, at *3 (W.D. Ark. Feb. 3, 2020) ("The medical conditions about which Mr. Mitchell complains are arguably due to the aging process, but the Court is not convinced that ordinary geriatric ailments, including back pain, rise to the level of 'extraordinary and compelling reasons' that are required to grant compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).").

Case 4:12-cr-00156-JM   Document 108   Filed 08/11/20   Page 3 of 3

compelling enough reasons for release."[7] Third, Defendant is 46 years old and has served just over 50% of his sentence, which means he does not meet the age and minimum served-time requirement under the Guidelines.

Even if Defendant could establish extraordinary and compelling reasons, his request for relief must be denied because of the § 3553(a) factors – specifically, protecting the public from additional crimes by Defendant and reflecting the severity of the offense.

Defendant has three prior criminal convictions, including forgery and two drug-related convictions, which is same behavior as the instant offense. In fact, Defendant committed the instant offense while on parole for a previous drug-related conviction.

The severity of the instant offense must also be considered. During a traffic stop on March 28, 2012, law enforcement officers found Defendant in possession of two pounds of marijuana and $2,021 in cash. Later officers witnessed Defendant's co-conspirator retrieve over two kilograms from Defendant's home. During a search of the home, the officers also found an AR-15 rifle, two magazines for firearms, drug ledgers, and a money counter.

## CONCLUSION

For the reasons stated, Defendant's Motion for Compassionate Release (Doc. No. 107) is DENIED.

IT IS SO ORDERED this 11th day of August, 2020.

_____
UNITED STATES DISTRICT JUDGE

---

[7] *United States v. Osborne*, No. 4:05-CR-00109-BSM-12, 2020 WL 3258609, at *2 (E.D. Ark. June 16, 2020).